IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:05-CR-16-D
No. 2:08-CV-50-D
No. 2:12-CV-21-D
No. 2:14-CV-32-D

| | | |
|---|---|---|
| MARVIN EDWARD PATRICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 11, 2006, a jury convicted Marvin Edward Patrick ("Patrick") of possession with intent to distribute more than 50 grams of cocaine base (crack). See [D.E. 57, 59]. On August 21, 2006, the court sentenced Patrick (a recidivist cocaine dealer) to life imprisonment. See [D.E. 69–71]. On July 10, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Patrick's conviction and sentence. See United States v. Patrick, 232 F. App'x 330 (4th Cir. 2007) (per curiam) (unpublished). On May 27, 2008, the Supreme Court denied a writ of certiorari. See Patrick v. United States, 553 U.S. 1067 (2008).

On December 1, 2008, Patrick filed his first motion to vacate his conviction and sentence under 28 U.S.C. § 2255. See [D.E. 84]. On June 16, 2009, the court dismissed Patrick's motion to vacate for failure to state a claim upon which relief can be granted. See [D.E. 97]. On August 18, 2009, the court denied Patrick's motion for reconsideration. See [D.E. 103].

On April 20, 2012, Patrick filed his second section 2255 motion, and relied on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 107]. On May 29, 2013, the court

dismissed Patrick's second section 2255 motion as successive, and alternatively, on the merits. See [D.E. 118]. The court also denied a certificate of appealability. See id. On October 21, 2013, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. See United States v. Patrick, 543 F. App'x 310 (4th Cir. 2013) (per curiam) (unpublished).

On June 16, 2014, Patrick filed his third section 2255 motion. See [D.E. 127]. Patrick again cites Simmons, but also now cites Descamps v. United States, 133 S. Ct. 2276 (2013).

The latest motion appears to be as baseless as Patrick's first two motions given that Descamps announced a purely procedural rule that does not apply on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–17 (2007) (describing framework used to analyze retroactivity on collateral review); United States v. Montes, No. 14-2015, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014) (unpublished) (holding that Descamps is not retroactively applicable to cases on collateral review); Whittaker v. Chandler, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam) (unpublished) (same); Glover v. Fox, 550 F. App'x 592, 594–95 (10th Cir. 2013) (unpublished) (same); United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (unpublished) (collecting cases uniformly holding that Descamps is not retroactively applicable to cases on collateral review). Nonetheless, the court need not dwell on the merits. Patrick failed to obtain the required authorization from the Fourth Circuit before filing his latest section 2255 motion. Accordingly, this court lacks jurisdiction to review the section 2255 motion. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus application] is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application."); see, e.g., Burton v. Stewart, 549 U.S. 147, 152–53, 157 (2007) (per curiam); United States v. MacDonald, 641

2

F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003); In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). Thus, the court dismisses Patrick's section 2255 motion, and Patrick may seek authorization from the Fourth Circuit.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Patrick's latest section 2255 motion debatable.

In sum, the court DISMISSES Patrick's section 2255 motion [D.E. 127] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This 6 day of August 2014.

JAMES C. DEVER III
Chief United States District Judge