IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:05-CR-16-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARVIN EDWARD PATRICK, | ) | |
| | ) | |
| Defendant. | ) | |

On November 13, 2019, Marvin Edward Patrick ("Patrick") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 149]. On September 1, 2020, Patrick, through counsel, filed a second motion for relief under the First Step Act [D.E. 151] and attached Bureau of Prisons records in support and a letter from his wife [D.E. 151-1, 151-2, 151-3]. Patrick requests a 221-month sentence. See [D.E. 151]. On September 15, 2020, the United States responded and proposed a 360-month sentence [D.E. 153]. On September 16, 2020, the United States Probation Office filed an updated Presentence Investigation Report ("PSR") with a new advisory guideline range of 360 months to life [D.E. 154]. On October 2, 2020, Patrick replied [D.E. 155]. As explained below, the court grants in part Patrick's motions for reduction of sentence and reduces his sentence to 360 months' imprisonment.

I.

On April 11, 2006, a jury convicted Patrick (a recidivist cocaine dealer) of possession with intent to distribute more than 50 grams of cocaine base (crack) [D.E. 57, 59]. On August 21, 2006, the court held Patrick's sentencing hearing. See Sentencing Tr. [D.E. 158]. The court overruled Patrick's objections and calculated his guideline range as mandatory life imprisonment based on a

criminal history VI, total offense level 37, and 21 U.S.C. § 851. See Sentencing Tr. at 3–11; Fed. R. Crim. P. 32(i)(3)(A)–(B); 21 U.S.C. § 851. On August 21, 2006, the court sentenced Patrick to life imprisonment. See Sentencing Tr. at 12–17. On July 10, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Patrick's conviction and sentence. See United States v. Patrick, 232 F. App'x 330, 331–32 (4th Cir. 2007) (per curiam) (unpublished). On May 27, 2008, the Supreme Court denied a writ of certiorari. See Patrick v. United States, 553 U.S. 1067 (2008).

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by

2

statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in ... section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Patrick's new advisory guideline range is 360 months to life based on a total offense level 37 and criminal history category VI. See [D.E. 154] 1. The court has discretion to reduce Patrick's sentence. See Gravatt, 953 F.3d at 262–64; Wirsing, 943 F.3d at 184–86; Latten, 2019 WL 2550327, at *2–4.

The court has completely reviewed the entire record, Patrick's arguments, the government's response, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75;

3

United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Patrick's offense conduct, Patrick engaged in serious criminal behavior involving 53.7 grams of cocaine base (crack). See PSR ¶ 7. Moreover, Patrick is an extraordinary, violent recidivist and has convictions for aiding and abetting a forgery (three counts), resisting arrest, larceny, assault with a deadly weapon, felony possession of cocaine, assault on a female (five counts), felony sell or deliver cocaine (two counts), driving while license revoked, felony sell cocaine (four counts), felony possession with intent to sell or deliver cocaine (three counts), maintain vehicle/dwelling/place for controlled substance, maintain vehicle for keeping of controlled substance (two counts), and possess schedule II controlled substance. See id. ¶¶ 9–31. Patrick also has performed poorly on supervision. See id. ¶¶ 9–10, 14–15, 18, 21–26, 29. Nonetheless, Patrick has taken some positive steps while incarcerated on his federal sentence and has no infractions. See [D.E. 149-1]; [D.E. 151]; [D.E. 151-1]; [D.E. 151-2]; [D.E. 154] 2; [D.E. 155] 2–3; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Patrick's serious criminal conduct, extraordinarily serious criminal record, extremely poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Patrick, the court declines to reduce Patrick's sentence to 222 months' imprisonment. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *4; Latten, 2019 WL 2550327, at *1–4; 18 U.S.C. § 3553(a). Instead, the court reduces his sentence to 360 months' imprisonment. See Chavez-Mesa, 138 S. Ct. at 1966–68. This reduced sentence accounts for the relevant section 3353(a) factors and the entire record. See id.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not further reduce Patrick's sentence in light of the entire record and the section

4

3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court GRANTS in part Patrick's motions for reduction of sentence [D.E. 149, 151] and REDUCES his sentence from life imprisonment to 360 months' imprisonment. All other aspects of the judgment remain the same.

SO ORDERED. This 23 day of December 2020.

JAMES C. DEVER III
United States District Judge